SO ORDERED: November 06, 2007.

_____
**Basil H. Lorch III**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| RICHARD LEE LAUGHMAN | ) | CASE NO. 07-06739-BHL-7 |
| JANET SUE LAUGHMAN, | ) | |
| | ) | |
| DEBTORS. | ) | |

## ORDER

The matter comes before the Court on the Laughmans' **Motion for Avoidance of Judicial Lien of Integrated Payment Systems, Inc.**, filed on August 6, 2007. Integrated Payment Systems, Inc. ("Integrated") filed an **Objection to Debtors' Motion for Avoidance of Judicial Lien of Integrated Payment Systems, Inc.** on August 27, 2007. The Court held a hearing on October 3, 2007 at which time it took the matter under advisement.

Findings of Fact

1. The Laughmans filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on July 19, 2007.

2. Integrated is duly scheduled as a creditor in the within proceeding. Said creditor is the owner of a judgment in the amount of $791,977.60 against the Laughmans in the Fayette Superior Court which may constitute a judicial lien against real estate commonly known as 4048 North Winding Creek Road, Connersville, Fayette County, Indiana, with a legal description of:

TRACT ONE:

Lot Number 7 of Winding Creek Subdivision, as recorded April 21, 1973 in Plat Book 6, page 50, in the Recorder's Office of Fayette County, Indiana.
SAVE AND EXCEPT:
A part of Lot #7 of Winding Creek Subdivision as recorded April 21, 1973 in Plat Book 6, page 50 in the Office of the Recorder of Fayette County, Indiana, and being bounded and described as follows: Beginning at an iron pipe stake marking te Northwest Corner of said Lot #7; thence sourth 52 degrees 34 minutes east along the North line of said lot 60.86 feet to a point; thence north 79 degrees 20 minutes west 53.45 feet to a re-bar stake; thence along a curve having a radius of 90.00 feet a chord bearing of north 08 degrees 49 minutes east, a chord distance of 27.42 feet to the point of beginning, containing 0.017 acre and being subject to all easements and rights of way of record. The above described tract being a part of the land described in Deed Record Book 77, page 124 in the Office of the Recorder of Fayette County, Indiana.

TRACT TWO:

A part of Lot #8 of Winding Creek Subdivision as recorded April 21, 1973 in Plat Book 6, page 50 in the Office of the Recorder of Fayette County, Indiana, and being bounded and described as follows: Beginning at an iron pipe stake marking the Southeast Corner of said Lot #8; thence north 52 degrees 34 minutes west 89.20 feet to a point; thence south 79 degrees 20 minutes east 72.40 feet to a re-bar stake on the East line of said Lot; thence South 00 degrees 27 minutes west along said lot line 40.82 feet to the point of beginning, containing 0.033 acre and being subject to all easements and rights of way of record. The above described tract being a part of the land described in Deed Record Book 82, page 924 in the Office of the Recorder of Fayette County, Indiana.

3. Litton Loan Servicing, LLP is the sole mortgage-holder on the subject property, holding a mortgage in the amount of $114,201.86.

4.  The subject real estate has a fair market value of $135,000.00.[1]

5.  An order granting relief from stay and abandonment was entered in favor of Litton Loan Servicing, LLP on August 23, 2007.

## Discussion

The Laughmans are now seeking to avoid Integrated's judgment lien against their primary residence. They assert that, after including the mortgage lien held by Litton Loan Servicing, LLP, there is no equity in the property to which Integrated's judgment lien can attach without impairing their exemptions. Conversely, Integrated argues that this Court lacks jurisdiction over the subject property because it has been abandoned by the Chapter 7 trustee or, that should the Court retain jurisdiction, it is prevented from "stripping down" the judgment lien.

Integrated, citing *Matter of Xonics, Inc.*, 813 F.2d 127 (7th Cir. 1987), claims that a new source of jurisdiction is necessary to keep the property in Bankruptcy Court once it has been abandoned. Though "sometimes the practical effect of abandonment is to fold up the bankruptcy case," the Court in *Xonics* did suggest that jurisdiction would remain with the Bankruptcy Court in cases where it would be otherwise "impossible to administer completely the bankrupt's estate." *Id.* at 132 (Citing *In re Friendship Medical Center, Ltd.*, 710 F.2d 1297 (7th Cir. 1983)).

When property is abandoned by the trustee it reverts to the debtor. The Court, by virtue of its jurisdictional grant in 28 U.S.C. § 1334(e), has "exclusive jurisdiction of all of the property, wherever located, of the debtor, as of the commencement of such case, and of the property of the estate." The

---

[1] Integrated believes that the Laughmans may have undervalued the property on their schedules. However, they have failed to produce any evidence to substantiate this claim. Therefore, the Court will use as the fair market value of the subject property that amount listed on the Laughmans' schedules.

mere fact, therefore, that the property is no longer "property of the estate" because it has been abandoned does not divest the Court of jurisdiction over the property since it also has jurisdiction over "property of the debtor." See *In re Lafoon*, 278 B.R. 767 (Bkrtcy.E.D.Tenn. 2002).

Other bankruptcy courts have likewise retained jurisdiction in cases like this, where a judgment lien may impair the debtor's available exemptions. See *Fitzgerald v. Davis* (*In re Fitzgerald*), 29 B.R. 41 (Bkrtcy. E.D.Va.1983) vacated and remanded on other grounds, 729 F.2d 306 (4th Cir.1984); *In re Mangold*, 244 B.R. 901 (Bkrtcy.S.D.Ohio.2000); and *Matter of Dewyer*, 11 B.R. 551 (Bkrtcy.Pa.1981). This Court agrees with the logic in the aforementioned cases and holds that it retains jurisdiction to determine the extent Integrated's judgment lien impairs the Laughmans' exemptions and may be avoided.

The Bankruptcy Code allows a debtor to avoid judicial liens on exempted property to the extent that the liens impair the debtor's exemption. *In re Mangold*, 244 B.R. at 904. 11 U.S.C. § 522(f)(1) states:

> Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is –
> (A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5);

In the present matter, the Laughmans have claimed an exemption on the subject property under I.C. 34-55-10-2(c)(1). Although allowed to claim an exemption of up to $30,000.00 as joint debtors, the Laughmans only claimed $20,798.14. This figure reflects all of the equity the Laughmans have on the subject property.

Section 522(f)(2)(A) provides the Court with a formula to determine the extent of the

impairment, and therefore what portion shall be avoided and what portion shall remain attached to the subject property. It states:

> For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of –
> (i) the lien;
> (ii) all other liens on the property; and
> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C. §522(f)(2)(A). The value of the subject property is $135,000.00. Litton Loan Servicing, LLP holds a mortgage lien in the amount of $114,201.86. The Laughmans are entitled to claim an exemption in the amount of $30,000.00 on the property. The mortgage, combined with the allowed exemption, exceeds the value of the property, leaving no equity upon which to attach the judgment lien. In cases such as this, where no equity is realizable, the subject property should be released from the judgment lien. *Dewyer*, 11 B.R. at 522.

Accordingly, the Laughmans' **Motion for Avoidance of Judicial Lien of Integrated Payment Systems, Inc.** should be, and hereby is, **Granted.**

# # #

Distribution:

David R. Krebs
101 W. Ohio St., Suite 2100
Indianapolis, IN  46204

Jeffrey J. Graham
James R.A. Dawson
One Indiana Square, Suite 3500
Indianapolis, IN  46204

Todd J. Ohlms
311 S. Wacker Drive, Suite 3000
Chicago, Illinois 60606-6677

U.S. Trustee
101 W. Ohio Street, Suite 1000
Indianapolis, IN  46204